UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                            DECISION AND ORDER

                                                            01-CR-6119L

                         v.

QUINTON CARMON,

                              Defendant.
_____

       The United States Court of Appeals for the Second Circuit has remanded this case to the district court to determine whether to resentence the defendant, Quinton Carmon ("Carmon") in conformity with *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005). The Court appointed counsel for Carmon on remand and directed the parties submit memoranda on the issues presented and both parties have done so.

       Carmon was convicted on his guilty plea to Count II of the indictment charging unlawful possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Carmon had been originally released but, prior to his guilty plea, his release was revoked because of his use of illegal drugs. In spite of that detention, this Court granted Carmon a two week furlough from custody pending sentence to allow Carmon to attend to personal matters. Carmon then fled the jurisdiction and was arrested approximately six months after his scheduled sentence date in Texas.

       At sentencing, the Court sentenced Carmon principally to a term of 120 months which was the maximum sentence by statute. Based on Carmon's significant criminal history and the several

enhancements recommended by the probation department, his Guideline range was a Criminal History Category of IV and a Net Offense Level of 30. This resulted in a range of 135 to 168 months which was, of course, in excess of the statutory maximum penalty of 120 months.

On remand, I have reviewed the presentence investigation report, the original judgment that I entered, as well as the submissions of the parties on remand. I have also reviewed my own sentencing notes prepared at the time of the original sentence. I, of course, understand that in light of *United States v. Booker,* 125 S. Ct. 738 (2005) that the United States Sentencing Guidelines are now advisory rather than mandatory. I have also considered all of the sentencing factors set forth in 18 U.S.C. § 3553(a).

After considering all of the above, I decline to order a resentencing of Carmon. I sentenced Carmon when the United States Sentencing Guidelines were deemed to be mandatory. My sentence would not have been any different had the Guidelines been advisory as is now the case. I see no reason now to resentence Carmon.

All the relevant sentencing factors warrant a 120 month sentence. I incorporate all my comments made at the time of my originally imposed sentence on April 29, 2004. Carmon possessed several firearms and sold some of them to those engaged in the drug business. He had been previously convicted of two serious felony offenses, burglary in the third degree and attempted robbery in the third degree. He was a drug and alcohol abuser and had failed at several drug treatment facilities while the present charge was pending. In addition, of course, he fled the jurisdiction prior to sentencing and avoided apprehension for six months. Because of his flight, the Government properly declined to make a 5K1.1 motion for his prior cooperation. At the final

sentencing hearing, a Deputy United States Marshal testified concerning defendant's flight and the efforts the Marshals took to apprehend him. Carmon and his wife used an alias and lied to officers when arrested. At one point during the flight trip, Carmon and his wife left Mrs. Carmon's child by a prior marriage alone as the couple continued their flight. When Carmon was arrested and transported to the Courthouse in Fort Worth, Texas, he tried get the transporting officers to tell the judge that he had turned himself in and not that he had been arrested.

Enhancements were made under the Guidelines because of the number of guns, the fact that they were stolen, and because the firearms had been transferred with knowledge to believe that they would be used in connection with another felony. I previously ruled that such enhancements were proper. Probation also recommended an enhancement for obstruction of justice under § 3C1.1 because of Carmon's flight. Were I to sentence Carmon anew, I would consider all those factors, even if the Guidelines were advisory only. In addition to the Guidelines, all of the other sentencing factors under § 3553(a) have been considered and warrant the original sentence imposed.

CONCLUSION

For all the above reasons, pursuant to the directives of *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005), and after considering all the relevant factors, I decline to order a resentencing of the defendant Quinton Carmon.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 9, 2006.